UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSUE RODRIGUEZ-SANCHEZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case Nos. 4:14-cv-00521-BLW<br>4:13-cr-00048-BLW<br><br>MEMORANDUM DECISION AND ORDER |

**INTRODUCTION**

Pending before the Court is Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1) and (Crim. Dkt. 143). The Government filed a Response to the Motion (Civ. Dkt. 7) and (Crim. Dkt. 149). The Petitioner did not file any Reply. Having reviewed the briefing, the Court will deny Petitioner's Motion without a hearing.

**BACKGROUND**

On February 26, 2013, Petitioner Josue Rodriguez-Sanchez was indicted on five counts of possession with intent to distribute a controlled substance, and two counts of conspiracy to distribute a controlled substance. Pursuant to a written plea agreement, petitioner pleaded guilty to Count One of the Indictment, Conspiracy to Distribute a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and § 846, on August 14, 2013. *See Plea Agreement*, Crim. Dkt. 53; *Minute Entry*, Crim. Dkt. 72. Counts two through seven were dismissed by the Government, pursuant to the plea

agreement. *See Judgment*, Crim. Dkt. 122. The petitioner was sentenced on December 03, 2013, and committed to the custody of the United States Bureau of Prisons for a term of 120 months. *See id*. The petitioner did not appeal his sentence or conviction. The instant motion was filed on December 9, 2014, and is the petitioner's first motion under § 2255. *See Petition*, Civ. Dkt. 1 and Crim. Dkt. 143.

Petitioner asserts four grounds in support of his motion. First, he argues that he was denied the effective assistance of counsel. *Id.* at 5. Second, he argues that his guilty plea was unlawfully induced. *Id.* Third, he argues that his arrest was unlawful. *Id.* Finally, petitioner argues he is actually innocent of the charges on which he was convicted. *Id.*

## LEGAL STANDARD

**1.    28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." "Under this standard, a district court may summarily dismiss a § 2255

motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) (citation omitted).

The Court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record. See *Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *Withers*, 638 F.3d at 1062.

## 2. Ineffective Assistance of Counsel

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. See *Strickland v. Washington*, 466 U. S. 668 (1984). Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. See *Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

In order to establish deficient performance, a defendant must show that counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. Under the performance prong, there is a strong presumption that counsel's performance falls "within the wide range of reasonable professional assistance." *Id.* at 689. This is so because for the defendant, "[i]t is all too tempting . . . to second-guess counsel's assistance after conviction or adverse sentence. . . ." *Id.* For the court, "it is all too easy to

conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (discussing *Strickland*).

In order to establish prejudice, a defendant must affirmatively prove by a reasonable degree of probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. The *Strickland* standard is "highly demanding." *Kimmelman v. Morrision*, 477 U.S. 365, 381-82; 386 (noting that the court should "assess counsel's overall performance throughout the case" when evaluating whether his assistance was reasonable).

Both prongs of the *Strickland* test must be met "before it can be said that a conviction (or sentence) 'resulted from a breakdown in the adversary process that render[ed] the result [of the proceeding] unreliable' and thus in violation of the Sixth Amendment." *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005) (quoting *Strickland*, 466 U.S. at 687). Whether or not counsel's performance was deficient is irrelevant if there was no prejudice as both of *Strickland's* prongs must be met to be entitled to relief. In evaluating an ineffective assistance of counsel claim, a court may consider the performance and prejudice components of the *Strickland* test in either order. *Strickland*, 466 U.S. at 697.

As recently reiterated by the Supreme Court, a defendant's right to effective assistance of counsel has long been held to apply to the plea process. See *Missouri v. Frye*, 132 S.Ct. 1399, 1408 (2012); *Lafler v. Cooper*, 132 S.Ct. 1376, 1385 (2012); *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010); *Hill v. Lockhart*, 474 U.S. 52, 57 (1985).

The same *Strickland* standard applies to claims of ineffective assistance of counsel at the plea stage. *Hill*, 474 U.S. at 58.

## ANALYSIS

1. **Waiver**

A defendant may waive his statutory right to file a § 2255 motion challenging his sentence. *United States v. Abarca,* 985 F.2d 1012, 1014 (9th Cir.), cert. denied, 508 U.S. 979 (1993). However, a plea agreement must expressly state that the right to bring a § 2255 motion is waived in order for the waiver to be valid. *United States v. Pruitt*, 32 F.3d 431 (9th Cir. 1994). "The sole test of a waiver's validity is whether it was made knowingly and voluntarily." *United States v. Anglin*, 215 F.3d 1064, 1068 (9th Cir. 2000). The scope of such a waiver is demonstrated by the express language of the plea agreement. *Id*. Nevertheless, even an express waiver may not bar an ineffective assistance of counsel claim challenging the knowing and voluntary nature of the plea agreement or the voluntariness of the waiver itself. *United States v. Jeronimo*, 398 F.3d 1149, 1156 n.4 (9th Cir. 2005) overruled on other grounds by *United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007).

    A. **Plea Agreement**

Petitioner's plea agreement expressly waived his right to collaterally attack the entry of his plea, his conviction, the entry of judgment, and his sentence. *Plea Agreement* at 6, Crim. Dkt. 53. The plea agreement notes an exception to this waiver, stating that "the defendant may file one habeas petition (motion under 28 U.S.C. § 2255) for

ineffective assistance to counsel only if (1) the motion is based solely on information not known to the defendant at the time the District Court imposed the sentence; and (2) in the exercise of reasonable diligence, the information could not have been known to the defendant at that time." *Id.* at 6-7.

B.  **Plea Hearing**

At the change of plea hearing, Petitioner was represented by counsel and provided with an interpreter. *See Minute Entry*, Crim. Dkt. 72. The Court has listened to an audio recording of Petitioner's change of plea hearing. Petitioner was placed under oath, and the magistrate judge conducted an extensive plea colloquy. Petitioner participated in the colloquy through his interpreter.

During the plea colloquy, the magistrate judge informed Petitioner that he did not have to enter a plea of guilty, and that the government bore the burden of proving their case against him. Petitioner stated that he understood. The Court then advised Petitioner of his constitutional right to a trial, and Petitioner stated that he understood his right and that he understood he was waiving that right. The magistrate asked if Petitioner was giving up his rights because he committed the offense with which he was charged, and for no other reason. Petitioner stated yes. AUSA Michael Fica reviewed the elements of the offense. Petitioner stated that he understood the elements of the offense to which he was pleading guilty. Mr. Fica then explained the minimum and maximum penalties associated with the charge to which Petitioner was pleading guilty. Petitioner stated that

he understood these penalties. The magistrate then further explained the sentencing process, and the sentencing guidelines. Petitioner stated that he understood.

The magistrate asked Petitioner if anyone had, in any way, forced him into entering a plea agreement. Petitioner answered no. The magistrate then asked if anyone had promised him anything other than what was promised in the plea agreement itself. Petitioner answered no. The magistrate also informed Petitioner of the implications of his guilty plea on his immigration status. Petitioner stated that he understood those implications and still wished to plead guilty.

Petitioner then stated, in his own words, that he helped an individual obtain drugs, that he did not sell the drugs personally, but that he helped arrange the sale, and acted as the middleman. Petitioner stated that he knew that the drugs involved were crystal meth and cocaine. Mr. Fica supplemented the factual record by stating that the drugs exceeded fifty grams of actual methamphetamine. Petitioner stated that he agreed with that statement. The magistrate then asked if Petitioner could think of any reason why the judge should not accept his plea of guilty, and instructed Petitioner to inform the magistrate if he believed he was not guilty. Petitioner stated that he believed he was guilty.

The magistrate then asked Petitioner's counsel if he had fully advised his client in this matter, and if he had made any promises as to what the sentence would be. Petitioner's counsel indicated he had informed Petitioner of the sentencing guidelines, and the mandatory and maximum sentences, but had made no promises as to what

sentence Petitioner would receive. Petitioner's counsel stated that he concurred in the plea, that the plea was made with his advice and consent, and that he believed there was a factual basis for the plea. Petitioner's counsel indicated that his client worried that cooperating with the government might have consequences back home in Mexico, but that his plea was voluntary and not made under any threats from outside sources.

The magistrate found that Petitioner's plea was made voluntarily, with understanding of the nature of the charge as well as the consequences of the plea. The magistrate further found that Petitioner's plea was made free of any coercive influence, and that Petitioner entered his plea of guilty because he did in fact commit the offense, and for no other reason. Finally, the magistrate found that there was a basis in fact for Petitioner's plea, and accepted his plea of guilty.

### C. Voluntary and Intelligent Plea

A guilty plea is constitutionally valid only if it is "voluntary" and "intelligent." *Bousley*, 523 U.S. at 618. A guilty plea is deemed valid when a defendant is advised of the nature and elements of the charges against him, as well as the possible punishment, and understands that he is waiving his constitutional rights to avoid self-incrimination, to confront his accuser, and to have a jury decide his case. *See Brady v. United States*, 397 U.S. 742, 748 (1970). Furthermore, to be valid, a plea must not be made based on threats, misrepresentations, or improper promises. *Id*. at 755. See also *Doe v. Woodford*, 508 F.3d 563, 570, 572 (9th Cir. 2007) (recognizing that the decision to plead guilty can be

difficult but noting that the fact that one might struggle with the decision and come to regret it later does not render it coerced).

Statements made in open court at the time of a plea hearing carry a strong presumption of verity and are entitled to great weight. *Chizen v. Hunter*, 809 F.2d 560, 562 (9th Cir. 1986) (citing *Blackledge v. Allison*, 431 U.S. 63, 73-74) (1977)). Even though that presumption is not necessarily an insurmountable barrier to an evidentiary hearing, the "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge*, 431 U.S. at 74.

Petitioner argues that his guilty plea was unlawfully induced because he was rushed into making a plea before an investigation could be conducted into the charges; that his plea was not intelligently made; and that he was improperly pressured to plead guilty, without being offered any other choice. *See Petition* at 5, Civ. Dkt. 1 and Crim. Dkt. 143. Petitioner offers no facts or other evidence to support these allegations.

The plea agreement itself states that Petitioner's "plea is voluntary and did not result from force, threats, or promises, other than any promise made in this Plea Agreement." *Plea Agreement* at 2, Crim. Dkt. 53. The agreement further states "no one has threatened or coerced me to do, or refrain from doing, anything in connection with this case, including entering a guilty plea." *Id*. at 10. At Petitioner's plea colloquy, he was informed of the nature and elements of the charges against him, and the possible punishment that he faced. The court explained his constitutional right to a trial, and his

right to a jury of his peers. The court further explicitly informed Petitioner that he did not need to plead guilty, and that he could proceed to a trial where the government would bear the burden of proving its case against him. Petitioner stated under oath that he had not been induced, threatened, or coerced into pleading guilty.

Petitioner's counsel filed an uncontested affidavit stating that "after thoroughly discussing the case and the evidence against Mr. Rodriguez-Sanchez, [he] decided to plead guilty. I never told Mr. Rodriguez-Sanchez that he had no other option than to plea. The decision to plea was solely his." *Johnston Aff.* ¶ 5, Civ. Dkt. 7-1. Petitioner's counsel further avers that "[w]hen I reviewed the Plea Agreement with Mr. Rodriguez-Sanchez prior to his entry of a plea, he willingly signed the agreement, and expressed a willingness to enter the plea." *Id*. at ¶ 8.

Based on these facts, the court finds that Petitioner's plea was knowing and voluntary, and that the waiver in his plea agreement is binding unless induced by the alleged ineffective assistance of counsel. Thus, Petitioner is precluded from pursuing any claim other than one for ineffective assistance of counsel.[1]

2.  **Ineffective Assistance of Counsel**

Petitioner alleges that his counsel, Mr. Alan Johnston, failed to seek an obvious defense, failed to seek a favorable plea, failed to investigate, prepare, and/or interview witnesses, gave him erroneous advice, and failed to file any pretrial motions. *See Petition*

---

[1] For this reason, the Court does not reach the question of whether Petitioner procedurally defaulted on his substantive claims by failing to bring them on direct review.

at 5, Civ. Dkt. 1 and Crim. Dkt. 143. None of these claims could be said to have rendered Petitioner's plea involuntary. Moreover, Petitioner has not shown that these claims were unknown to him, and in the exercise of reasonable diligence could not have been known by him, at the time of his sentencing. Thus, these claims are barred. Even if they were not barred, however, the Court finds that they would fail. Petitioner has simply failed to provide any facts or evidence in support of his conclusory allegations. He points to no witnesses or avenues of investigation that, if pursued, would have changed the outcome of his case. Nor does he identify specific motions which should have been filed, or how he was prejudiced by Mr. Johnston's failure to pursue them.

Petitioner similarly fails to identify what advice he received from Mr. Johnston that was erroneous, nor does he identify any unfavorable terms of his plea agreement. Although Petitioner suggests that he was unlawfully entrapped, again he does not provide any facts in support of this allegation, nor suggest why a decision not to pursue this defense would fall outside the wide range of professional assistance presumed reasonable under *Strickland*. Finally, Petitioner has not refuted Mr. Johnston's Affidavit, which states that Mr. Johnston reviewed "every possible defense" with Petitioner, and that he did not fail to prepare or interview witnesses, file appropriate pretrial motions, or pursue any obvious defenses. *Johnston Aff.* ¶ 6-7, Civ. Dkt. 7-1.

The Court finds that Petitioner has failed to provide anything other than bare, conclusory allegations to support his contention that the legal representation provided was constitutionally infirm. Further, Petitioner has not raised any issues with Mr.

Johnston's representation that would not have been known to him at the time he entered his plea of guilty, nor does he contend otherwise. Finally, the Court finds Petitioner's allegations that he was rushed to plea, that his plea was not intelligently made, and that he was improperly pressured to plea to be patently incredible in light of the record, and specifically in light of the statements Petitioner made under oath at his plea colloquy.

3.  **Dismissal of the Petition without a Hearing**

The Court finds that the petition fails to state a claim, and has asserted "no more than conclusory allegations, unsupported by facts and refuted by the record." *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986). Thus, the Court finds that no hearing is necessary and will dismiss the petition.

## CERTIFICATE OF APPEALABILITY

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, the movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473. 484 (2000). When the court has denied a ^ 2255 motion ro claims within the motion on the merits, the movant must show that reasonable jurists would find the

court's decision on the merits to be debatable or wrong. *Id.*; *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

After carefully considering the record and the relevant case law, the Court finds that reasonable jurists would not find the Court's rulings on Petitioner's motion to be debatable or wrong.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1 and Crim. Dkt. 143) is **DENIED** and this action is **DISMISSED**. The Clerk is directed to close this case.

2. No certificate of appealability shall issue. Petitioner is advised that he may still request a certificate of appealability from the Ninth Circuit Court of Appeals pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1. To do so, he must file a timely notice of appeal.

3. If Petitioner files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals.

DATED: March 29, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge